UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTONIO LIMA CABRERA,

      Petitioner,

v.                              Case No. 2:26-cv-1045-JES-NPM

DIRECTOR GARRETT RIPA, et al.,

      Respondents.
_____/

## ORDER

Petitioner Antonio Lima Cabrera has filed a habeas corpus petition challenging the legality of his detention by immigration authorities. (Doc. 3). However, he fears that the government will execute his final removal order before this Court can decide whether his detention is lawful. To prevent that, he has filed an emergency motion seeking an administrative stay of his removal from the United States. (Doc. 9).

Because the Court lacks jurisdiction to do what Cabrera asks (prevent the government from deporting him), his emergency motion must be denied.

### I. Background

Romero is a native of Cuba who has been in immigration detention since April 3, 2026. (Doc. 3 at 6). When he filed his petition, he was detained at Florida Soft Side South facility in Ochopee, Florida (Alligator Alcatraz). (Doc. 9 at 2). He has

since been transferred to the Central Louisiana ICE Processing Center, "a facility widely understood to be the primary staging point for ICE Air removal flights out of the continental United States." (Id.)[1]

Cabrera is seeking habeas relief, arguing that his detention is unlawful under the Due Process Clause. (Doc. 3). But litigation takes time, and Cabrera believes that the government is preparing to deport him, which could moot his habeas petition. Thus, he asks this Court to intervene and stay his removal during the pendency of these proceedings.

## II. Discussion

The relevant statute, 8 U.S.C. § 1252(g), imposes a strict limit on judicial power:

> Except as provided in this section and notwithstanding any other provision of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

Id. The Supreme Court has explained that § 1252(g) applies narrowly to three specific actions: commencing proceedings,

---

[1] Cabrera's transfer does not divest this Court of jurisdiction. See Villa v. Normand, No. 5:25-cv-89, 2025 WL 3113200, at *4 (S.D. Ga. Oct. 16, 2025) ("[J]urisdiction attaches upon the initial filing of the §2241 petition and will not be destroyed by a petitioner's subsequent Government effectuated transfer and accompanying change in physical custodian.").

adjudicating cases, and executing removal orders.  See Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999).

Cabrera essentially asks the Court to order the government not to remove him, albeit temporarily.  His motion implicates § 1252(g) because an order staying removal is a challenge to the Attorney General's decision to "execute [a] removal order."  8 U.S.C. § 1252(g).  The Eleventh Circuit has explicitly determined that § 1252(g) divests district courts of subject matter jurisdiction to review challenges to the execution of removal orders, including stays of any such orders.  See Camarena v. Dir., Immigr. & Customs Enf't, 988 F.3d 1268, 1271–74 (11th Cir. 2021) (holding that § 1252(g) precluded relief on a habeas petition that sought to "stay [petitioner's] removal" pending resolution of her applications for administrative relief).  In short, this Court cannot seize power that the INA expressly denies.  See, e.g., Danglar v. McAleenan, No. 418CV01789RDPJEO, 2019 WL 7167589, at *1 (N.D. Ala. Nov. 21, 2019) ("[T]his court does not have jurisdiction to entertain any application seeking review, reopening, reconsideration, or a stay of the order of removal."); Oldaker v. Giles, 724 F. Supp. 3d 1315, 1340 (M.D. Ga. 2024) (recognizing that, while "the Court has the authority to issue stays to protect its own jurisdiction," § 1252(g) expressly precludes granting "relief from any final valid removal orders").

### III. Conclusion

Romero may proceed with his habeas challenge here, and the Court will consider his claims as quickly as it is able.  But if he wishes to pause execution of his removal order, he must look elsewhere.  See Lee v. U.S. Dep't of Just., No. 1:24-CV-984-ELR-JSA, 2024 WL 6081682, at *1-2 (N.D. Ga. Apr. 9, 2024) ("[T]he courts of appeals are the sole and exclusive means for judicial review of a removal order[.]").  For these reasons, Romero's Emergency Motion for Temporary Restraining Order (Doc. 9) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on April 22, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

4